UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Isabel Borczuch § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| URBAN OUTFITTERS, INC. § | |
| § | JURY TRIAL DEMANDED |
| *Defendant.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Isabel Borczuch files this Original Complaint against Defendant Urban Outfitters, Inc., and alleges the following:

### I. PARTIES

1. Plaintiff Isabel Borczuch ("Ms. Borczuch") is an individual residing in Deer Park, Texas.

2. Upon information and belief, Defendant URBAN OUTFITTERS, INC. (hereinafter singularly referred to as "Urban Outfitters") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business at 5000 South Broad Street, Philadelphia, Pennsylvania 19112-1495.

3. Borczuch reserves the right to amend this complaint to include any and all other corporations, business entities or persons affiliated with Urban Outfitters which are responsible for or involved with the wrongful conduct alleged herein.

### II. JURISDICTION AND VENUE

4. Upon information and belief, Urban Outfitters has actively contracted to supply goods in the State of Texas, and within this judicial district and actively conducts business directly and through their representatives in the State of Texas, and within this judicial district, in

1

connection with the matters giving rise to this action. In particular, Urban Outfitters is selling or has sold infringing goods within this judicial district in Texas. This Court, therefore, has personal jurisdiction over Urban Outfitters.

5. Jurisdiction over the subject matter of this action arises under 28 U.S.C. §§ 1331, 15 U.S.C. § 1121 and under the copyright laws of the United States, Title 17 of the United States Code.

6. Venue is proper in this Court pursuant to the provisions of 28 USC §§ 1391 and 1400.

### III. INTRODUCTORY FACTUAL BACKGROUND

7. Ms. Borczuch is a jewelry designer and owner of ISOBEL + EZRA jewelry label. ISOBEL + EZRA was launched in February of 2012, and jewelry from the label has been featured in numerous print and online media, including *InStyle Magazine*, *D Magazine*, *German Glamour Magazine*, *Seattle Times*, *Anthology Magazine*, *Tribeza*, and *Craft & Culture*.

8. On or about August 9, 2014, Ms. Borczuch began selling a pair of earrings called "Herkimer Studs" through her website www.isobelandezra.com and other venues. A photograph of the Herkimer Studs is attached to this complaint as Exhibit A.

9. On August 15, 2014, Ms. Borczuch was contacted by Lauryn Yeakel. Lauryn Yeakel identified herself as an Assistant Buyer for Urban Outfitters in the area of Women's Jewelry and Hair. In an email dated August 15, 2014, Ms. Yeakel stated as follows: "Hi Isobel, The team here at Urban Outfitters is really excited about your jewelry and would love to consider some pieces for our spring assortment. Please let me know if interested and able to send over a line sheet. We will be styling out on 9/4 and it would be great to have samples before then. We look forward to hearing from you. Warm Regards, Lauryn"

10. On August 16, 2014, Ms. Borczuch responded to Ms. Yeakel by email, attaching so-called "line sheets" for her current product lines. One of the line sheets Ms. Borczuch sent is attached hereto as Exhibit B. Page 3 of the line sheet shows several jewelry articles, including the Herkimer Studs. Also depicted at the top-left of page 3 of the line sheet is the ISOBEL + EZRA logo. On page 14 of the line sheet, under the "PRODUCT & MATERIAL" heading, Ms. Borczuch stated "isobel+ezra hold exclusive copyright to all designs."

11. On August 27, 2014, Ms. Yeakel requested samples of the following products from the ISOBEL + EZRA line: Milla Bangle, Ola Necklace, Felka studs, Jan necklace, Mira necklace, Daria Necklace, Jagoda Cuff, Titanium crystal gc, Mercury Necklace, Herkimer studs, Norma Necklace, and Ara earrings.

12. On August 28, 2014, Ms. Borczuch responded to Ms. Yeakel's email request for samples by informing her that samples had been shipped via UPS, tracking # 1Z1Y46110393420714.

13. On November 4, 2014, Ms. Borczuch's Los Angeles-based representative Sheri Calvert reached out to Ms. Yeakel and Nicole Sorgentoni, also an associate buyer at Urban Outfitters, reminding them about the ISOBEL + EZRA samples and requesting a decision on whether Urban Outfitters would be buying from Ms. Borczuch.

14. On November 7, 2014, Ms. Sorgentoni acknowledged having the samples and that "Lauryn will work on sending you samples back ASAP."

15. Ms. Calvert reached out again on January 20, 2015 and February 2, 2015, requesting a decision and the return of the samples previously sent. On February 2, 2015, Ms. Sorgentoni responded with an indication that Lauryn had already returned the samples.

16. To date, Ms. Borczuch has not received the samples that were sent to Urban Outfitters in August 2014.

17. On or about May 6, 2015, Ms. Borczuch was shopping in an Urban Outfitters retail location in Houston, Texas (2501 University Blvd., Houston, TX 77005) and noticed earrings being offered for sale that were virtually identical to the Herkimer Studs samples she had sent to Urban Outfitters.  Ms. Borczuch purchased the earrings (the "Infringing Earrings") on that visit to Urban Outfitters.  A photograph of the Infringing Earrings is attached as Exhibit C to this complaint.  The Infringing Earrings shown in Exhibit C are shown displayed alongside other earrings at the Urban Outfitters retail location described above, and are the second from the bottom.

18. On June 1, 2015, Ms. Borczuch applied to register her Herkimer Studs jewelry design with the United States Copyright Office by completing the registration form, paying the required fee, and submitting the deposit requirement.

## COUNT I
### INFRINGEMENT OF COPYRIGHT UNDER 17 USC § 101 ET SEQ.

19. The allegations of paragraphs 1 – 18 above are realleged and incorporated herein by reference.

20. The Herkimer Studs represent an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Ms. Borczuch is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the Herkimer Studs.

21. Because Ms. Borczuch sent samples of the Herkimer Studs to Ms. Yeakel at Urban Outfitters and Ms. Sorgentoni acknowledged having them, it is believed that Urban

Outfitters had access to the Herkimer Studs prior to the production, sale or distribution of the Infringing Earrings.

22. Upon information and belief, Defendants, without the permission or authorization of Ms. Borczuch, have continued to reproduce original elements of the Herkimer Studs and to offer for sale the Infringing Earrings, which incorporates original elements of the Herkimer Studs and is an almost identical copy or derivative work of the Herkimer Studs.

23. Upon information and belief, Urban Outfitters has profited from the sales of the Infringing Earrings.

24. Upon information and belief, unless enjoined by this Court, Urban Outfitters intends to continue its course of conduct and to wrongfully use, infringe upon, distribute and otherwise profit from Ms. Borczuch's copyrighted Herkimer Studs.

25. The natural, probable and foreseeable result of Urban Outfitters' wrongful conduct has been and continues to be to deprive Ms. Borczuch of the rights and benefits granted to her under copyright, including the exclusive right to use, reproduce, and to create derivative works based on the Herkimer Studs.

26. By its actions, as alleged above, Urban Outfitters has infringed and violated Ms. Borczuch's exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. § 501, by producing, distributing and selling jewelry pieces that is strikingly, or substantially, similar to the Herkimer Studs, without Ms. Borczuch's authorization or consent.

## COUNT II

### DIGITAL MILLENNIUM COPYRIGHT ACT - 17 U.S.C. § 1202 ET SEQ.

27. The allegations of paragraphs 1 – 26 above are realleged and incorporated herein by reference.

28. The line sheets Ms. Borczuch sent Urban Outfitters contained copyright management information as defined in 17 U.S.C. Section 1202(c)(1), (2), (6) and (7). In particular, HERKIMER STUDS on page 3 of the line sheet is the title of the work under Section 1202(c)(1). The ISOBEL + EZRA logo constitutes other information identifying the work under Section 1202(c)(1) or the name or other identifying information about the author of the work under Section 1202(c)(2). Page 14 of the line sheet contains terms and conditions on the use of the work under Section 1202(c)(6), and links to the ISOBEL + EZRA website, which contains a copyright notice at the bottom of each page, under Section 1202(c)(7).

29. Upon information and belief, Urban Outfitters or their agent, without the authority of Ms. Borczuch, the copyright owner, intentionally removed and altered the copyright management information identified above in violation of Section 1202(b)(1), distributed or imported for distribution copyright management information knowing that the copyright management information has been removed or altered without the authority of the copyright owner in violation of Section 1202(b)(2), and/or distributed or imported for distribution copies of works knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, having reasonable grounds to know that it will induce, enable, facilitate, or conceal the copyright infringement alleged in COUNT I above.

30. The actions of Urban Outfitters in this regard were knowing, or Urban Outfitters was provided reasonable grounds to know, that copyright management information was removed or altered, because the copyright management information was clearly displayed in the line sheet received and reviewed by Urban Outfitters before Urban Outfitters requested samples from Ms. Borczuch. Section 1202 was enacted by Congress to prohibit precisely this type of behavior.

## COUNT III
### TEXAS THEFT LIABILITY ACT – TEX. CIV. PRAC. & REM. CODE § 134.01 ET SEQ.

31. The allegations of paragraphs 1 – 30 above are realleged and incorporated herein by reference.

32. The jewelry samples Ms. Borczuch sent to Urban Outfitters have not been returned to Ms. Borczuch despite numerous requests that they be returned. This action constitutes theft under Tex. Penal Code § 31.03. As such, Urban Outfitters is civilly liable under Tex. Civ. Prac. & Rem. Code § 134.003.

## COUNT IV
### CONVERSION – COMMON LAW.

33. The allegations of paragraphs 1 – 32 above are realleged and incorporated herein by reference.

34. The jewelry samples Ms. Borczuch sent to Urban Outfitters have not been returned to Ms. Borczuch despite numerous requests that they be returned. This action constitutes common law conversion on the part of Urban Outfitters.

### RELIEF REQUESTED

35. Ms. Borczuch demands an accounting by Urban Outfitters of their activities in connection with their infringements of Ms. Borczuch's copyrights in and to the above-described and attached work, as well as their gross profits and income derived therefrom.

36. Ms. Borczuch is entitled to and seeks to recover actual damages plus the profits of Urban Outfitters attributable to the copyright infringements, as well as DMCA penalties not exceeding $25,000 for each act committed in violation of 17 U.S.C. Section 1202.

37. Ms. Borczuch is entitled to all of her actual damages under Tex. Civ. Prac. & Rem. Code § 134.005, as well as additional compensatory damages awarded by the trier of fact in a sum not to exceed $1,000, plus costs and attorney's fees.

38. Ms. Borczuch is entitled to exemplary damages and, to the extent Ms. Borczuch can prove that the conduct of Urban Outfitters constitutes a third degree felony under Chapter 31 of the Texas Penal Code, there will be no statutory cap on exemplary damages that Ms. Borczuch is entitled to recover according to Tex. Civ. Prac. & Rem. Code § 41.008.

**WHEREFORE**, Ms. Borczuch prays for judgment against Urban Outfitters on the foregoing claims as follows:

(a) That Urban Outfitters, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be permanently enjoined from using the Herkimer Studs or any physical embodiment substantially similar thereto in any manner, including but not limited to manufacture, development, promotion, advertising, distribution, offer for sale or sale of goods substantially to the Herkimer Studs, or otherwise infringing Ms. Borczuch's copyrights;

(b) That Urban Outfitters, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be ordered to recall, remove and return to Ms. Borczuch for destruction all goods, materials, or other products infringing Ms. Borczuch's copyrights in the Herkimer Studs;

(c) That Urban Outfitters, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be enjoined from otherwise infringing Ms. Borczuch's copyrights;

(d) That Urban Outfitters be made to fully account to Ms. Borczuch for all gains, profits, gross income and advantages derived from Urban Outfitters' wrongful acts by a payment of damages under the Copyright Act;

(e) That Ms. Borczuch recover from Urban Outfitters all of Urban Outfitters' profits and all damages, including lost profits, sustained by Ms. Borczuch as a result of Urban Outfitters' wrongful acts, and such other statutory and compensatory damages as the Court determines to be fair and appropriate, pursuant to the Copyright Act and DMCA;

(f) That Ms. Borczuch be awarded all the damages, costs, disbursements and reasonable attorney's fees involved in bringing this claim;

(g) That Ms. Borczuch be awarded exemplary damages in an amount determined by the trier of fact; and

(h) Such other and further relief, both general and special, at law and in equity, which this Court deems just, equitable and proper.

Dated: June 9, 2015                                    Respectfully submitted,

*/s/ Greg W. Marcum*
Greg W. Marcum
Texas Bar No. 24002525
James R. Gourley
Texas Bar No. 24050679
CARSTENS & CAHOON, LLP
13760 Noel Road, Suite 900
Dallas, Texas 75240
(972) 367-2001
(972) 367-2002 (fax)
**ATTORNEYS FOR PLAINTIFF**

9